Good morning. If it pleases the Court, my name is Peter Hurtado on behalf of Jose Hernandez-Morales. This is an immigration case. This is a case about whether the petitioner has met his burden of proof to show that he has an objective fear of future persecution on account of a of immigration appeals did not specifically rule on the viability of the particular social group. They didn't deny that or affirm that. Rather, they simply seem to question whether the petitioner's fear was sufficiently corroborated by evidence or was objectively reasonable given the circumstances and timing. So assuming for the moment that the social group or protected ground wasn't ruled on and we should assume that for your purposes now there is there, tell us about the fear. Okay, so the petitioner was in the Mexican military. He was in the information unit. He investigated illegal drug activity. He did this until 2006. He then got out of the military because he was partly because he was afraid of what may happen to him by drug trafficking group. He then spent three more years in Mexico and then he came to the United States and he fears that he would be targeted by these group by one particular group because of his activity. Any past persecution? No, so we didn't argue past persecution because he was never contacted by the group. He was never contacted. He did present a letter from his partner regarding that they had been coming by to asking about him since he left. But no, we did not argue past persecution. This is a withholding of removal case where the asylum application was ruled to be time barred. So we're left with just a withholding of removal application. So the question is simply if his fear, he has a well-founded, pardon me, a clear probability of future harm at the hand of this group. We're not arguing past persecution. So we feel that his fear was number one, he testified credibly regarding the fact that he's afraid. His credibility was not questioned. There's no credibility determination. So the court should, although the court is not, I know there's a recent case regarding credibility, he, the agency did not question his credibility. He feels that he sufficiently corroborated his claim in the sense that he presented evidence that he certainly was in the military. And he did produce a letter from his partner saying that they had asked about him. And so he feels, we feel that he's sufficiently shown through reasonable, that his fear is objectively reasonable. And this person who was killed, was he in the military when he was killed? My impression is that he was. And does that make any difference? Your client, of course, is no longer in the military. Correct. So the social group is not current members of the military, it's former members. And I believe... I'm interested in danger. I mean, was a person in the military in a different situation in terms of danger compared to someone no longer in the military? Right. It's not clear from the testimony. I'm actually looking at the testimony and it just says he was with me in the army. I can only presume that means he is a former member of the military and had the trouble after he got out of the military, but I'm not sure about that. Okay. So of course, the government may point to the fact that this has all happened 13 years ago. This is, he left the military in 2006. The government may also point to the fact that he could certainly request as a veteran, as a former law enforcement type of job, that he could certainly request assistance when he gets back. It's our position that the country conditions are such that there is corruption at that level. There is infiltration by these drug trafficking groups such that he can't expect to get the assistance of the government when he gets back to Mexico. Is there any proof of government acquiescence in what happened to his fellow military person? There's no proof of what happened to his friend other than his credible testimony. And he says he's gone, he disappeared. Correct. We don't have a death certificate. We don't have, he didn't present any kind of letter from a relative of that person, just his testimony saying he was disappeared. We don't know exactly what happened or even exactly when it happened. So, and again, so that we do recognize that the petitioner has the burden of proof to show that this is objectively reasonable, not just that he has a subjective fear. And this is common in a lot of immigration cases where there's just not a lot of evidence. It's typical not to have a threatening letter or anything like that. And so we feel that here he produced what the court would evidence. He produced evidence that he was in the military. So there's no question about that. And he produced a letter from his partner saying that they were, they were, there was some still what we would characterize it as a continued interest in him. Do you want to reserve them? I would like to reserve the rest of the time for rebuttal. Thank you. Okay. Good morning. May it please the court. My name is Sharon Clay and I'm with the government. My contention is that petitioner has not presented any evidence that would compel the conclusion that he has a well-founded fear of future persecution at the hands of his described trafficking group called the line on account of his former military status or his imputed political opinion. Based on the evidence in the record, we know that there's no evidence of motive and what evidence that has been presented has been speculative. The petitioner does not know who the identity of the persecutors are. His testimony is that Pino was actually in the military at the time. The petitioner speculates about the deaths of the other servicemen as well, and only asserts that the people looking for his, looking for her partner are just seeking to find out some information. Petitioner has not established an objectively reasonable fear of persecution. He has not been singled out for persecution. He has not been individually targeted for persecution. He has never been harmed. He's never been threatened. He's never been approached by any from the record. He has returned to Mexico voluntarily multiple times after arriving in the United States. The country reports do not show that former servicemen are actually targeted for harm. They only show evidence of general violence. He did not provide any details about the group that he fears, and his family has been able to remain living in Mexico unharmed despite her allegations of vengeance against those who refused recruitment. Tellingly, the record also shows that during his interview with the immigration officer, he did not express any fear of returning to Mexico at that time. We would also argue that he has not established his eligibility based on the imputed political opinion, because in order for that opinion to hold, there has to be someone who actually imputes it on him. And based on his testimony that he's never been approached by anybody who was a drug trafficker, then he can't say that someone would have imputed an opinion upon him. It does say something about the conditions of a country, doesn't it, that a member of the military would fear a criminal gang? Yeah, it does admit that the sometimes people are harmed because of their refusal to be recruited, but it doesn't suggest that their target is the former military serviceman. That said, petitioners withholding a removal claim fails because he has not met the lower burden of proof for asylum. Without nexus and without objectively reasonable fear of persecution, he's not eligible for asylum. And although this... Well, asylum's off the table if the one-year bar applies. Let me ask you a slightly different question. I think I heard from Mr. Hurtado that the BIA did not reach the protected ground issue. Is that right? He did not decide the cognizability of the group as the IJ did. The IJ sort of said the social distinction and tried to get into the cognizability of the decided that... I won't say decided, but presumably even if he had shown that the group was cognizable, and arguably it could be because former military based on Enrique Rivas says that former... Well, what I'm driving at is, as I read what the BIA said, it very much reached the social group. And it said he's not established the social... Either there are two social groups that he's counting on. Right. They didn't acknowledge that it was a social group. But it's possible, but the board didn't buy the social group argument. No, it clearly did not. Right. Clearly, because it could have adopted the immigration judge's decision about social distinction. I do realize that this is a withholding and removal claim. And I'm also aware of the fact that this court has recently held that the one central reason does not apply to withholding and removal cases. Yeah. Withholding for us, it's a central reason. It's a central reason. However, we don't feel that there's an error in this particular decision, because while they engage in this analysis based on asylum, the fact that they didn't point or find any reason or any protected ground doesn't alter the burden on the withholding and removal claim. So the burden ultimately is clear probability, and because there is no particular social group or protected ground, then the requirement or the burden on the asylum claim regarding a central reason is not really applied here. And lastly, what I would say about the Catt claim is that the Catt claim fails simply because petitioner has not presented any evidence that he personally would be targeted for torture. If you look at the record, there is evidence of torture, but what you also find about the likely perpetrated against persons that the security forces thought were criminals, and he's not established or alleged that he thought he would find himself arrested or approached by the police officers. And there's also additional evidence in the record that shows that the Mexican government has been taking a lot of steps to be able to eradicate torture in their country. And some of the things that they have done recently is make confessions inadmissible if they're obtained through torture. They've also established offices that evaluate torture claims throughout half of the states in Mexico. And there's also evidence in the record that officers have also been arrested and prosecuted for misconduct. Okay. Thank you. Thank you. Mr. Hurtado, you saved some time. This friend, Pino, that was disappeared, there's no evidence in the record who disappeared him or why, is there? Only the, correct, there's no documentary evidence of that. There's only the petitioner's testimony. It was some speculation that maybe he disappeared as a result of the Correct. The immigration judge specifically noted that in his oral decision where he said that he, the petitioner testified his friend was killed in 2010 and that this friend had served with him in the army. And he had suspicions that this was done at the hands of drug traffickers. And the judge goes on to say, but he concedes it was speculation. He didn't have any evidence. And it was just based on general talk. So, and counsel is correct. He does not know the identity of the actual persecutors here. He, the personal identities, although he does identify this one group called the line, a criminal group there, but there was no evidence submitted at trial regarding that specific group. Regarding a few of counsel's points about the continued presence of the family in Mexico, it would be our position that his fear remains objectively reasonable, even given the continued family, because they are not similarly situated and there's no And regarding the social group, again, the standard here under Barajas-Romero is that the, it has to be a reason that the proposed group or the political opinion needs to be a reason, not the central reason or the only reason. And so it would be our position that certainly if unfortunately anything were to happen to the petitioner by this group, if the court finds that that is objectively reasonable, it is reasonable to find that certainly his former work investigating these drug trafficking activities could be a reason for any harm that this group would do to him. Okay. Thank you. Okay. Thank both sides for their arguments. Hernandez-Morales versus Barr, now submitted for decision.
judges: Hawkins, W. Fletcher, Bury